# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:13-CR-151 |
| | § | |
| RONALD LEE (1) | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant Ronald Lee's ("Defendant") supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on November 16, 2021, to determine whether Defendant violated his supervised release. Defendant was represented by Mike Pannitto of the Federal Public Defenders Office. The Government was represented by Assistant United States Attorney Heather Rattan.

Ronald Jean Lee was sentenced on June 23, 2014, before The Honorable Richard A. Schell of the Eastern District of Texas after pleading guilty to the offense of Possession of Child Pornography, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 21 and a criminal history category of I, was 37 to 46 months. Ronald Jean Lee was subsequently sentenced to 24 months imprisonment, pursuant to binding plea agreement, followed by a 7-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, sex offender treatment, no unsupervised contact with children under age 18, Internet access device prohibition, no viewing of sexually explicit conduct, and a search of his person and property. On May 4, 2016, Ronald Jean Lee completed his period of imprisonment and was released to Grayson County, Texas, on a detainer for related conduct. He was released from

state custody on January 17, 2018. On September 24, 2018, this case was reassigned to The Honorable Amos L. Mazzant, III, U.S. District Judge.

On October 20, 2021, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 44, Sealed]. The Petition asserts that Defendant violated four (4) conditions of supervision, as follows: (1) The defendant shall not possess or view any images in any form of media or in any live venue that depict sexually explicit conduct. For the purpose of this special condition of supervised release, the term 'sexually explicit conduct' is defined under 18 U.S.C. § 2256(2)(A), and is not limited to the sexual exploitation of children; (2) Under the guidance and direction of the U.S. Probation Office, the defendant ·shall participate in a sex offender treatment program which may include the application of physiological testing instruments. The defendant shall pay any cost associated with treatment and testing; (3) The defendant shall not purchase, possess, have contact with, or use devices to include cellular telephones with photographic capability; cellular telephones with internet capability; computers, computer peripherals, laptop computers; iPods; Personal Digital Assistants (PDAs); portable data storage devices such as thumb drives and Flash memory; or any other type of portable electronic device that is capable of communicating data via modem, wireless, or dedicated connection. The defendant shall also refrain from the purchase, possession, or use of digital cameras; digital recorders; or any other type of recording and/or photographic equipment; and (4) The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of the month [Dkt. 44 at 1-3, Sealed].

The Petition alleges that Defendant committed the following acts: (1) On August 31, 2021, during an unscheduled home inspection at his residence, Mr. Lee admitted he used two unauthorized cellular telephones to view pornography. He stated one of the websites he went to

was xnxx.com. He stated he viewed the images, sporadically, for a period of a couple of months. Mr. Lee consented to a search of both phones. A forensic search resulted in the discovery of two sexually explicit images of an age difficult girl showing full frontal nude images. Additionally, it is alleged on or about February 9, 2020, Mr. Lee viewed images depicting pornography that were located on a DVD he found in his home. He disclosed this information to his treatment provider on July 23, 2020, but did not notify his assigned probation officer, until confronted on September 22, 2020. Additionally, on or about September 24, 2018, during a polygraph examination, he admitted viewing pornography on a cellphone that belonged to another resident at the Dallas Transitional Center. He admitted he viewed pornography six to eight times. This conduct occurred three to four months prior to Mr. Lee making the disclosure to his probation officer; (2) On May 13, 2021, Mr. Lee missed a scheduled treatment session with Liles Arnold, Ph.D. when he neglected to answer his telephone at the scheduled time. On multiple occasions between April 2020 and August 2021, Mr. Lee failed to complete treatment work, as instructed and part of the sex offender treatment program. In 2020, Mr. Lee failed to complete treatment assignments for his sessions on April 15, July 23, August 6, November 13 and 30, and December 14 and 31. Additionally, he has not completed any treatment assignments from January to August 2021. It is also alleged that Mr. Lee has not participated in sex offender treatment with Liles Arnold, Ph.D. in Plano, Texas, as instructed over the years as he has failed to attend numerous treatment sessions. Those dates are as follows: January 2, 16, and 31, February 6, and May 28, 2020; May 30 and November 7, 2019; and June 19 and 26, July 3, 10 and 24, August 28, October 9 and 23, 2018. Additionally, on November 13, 2020, Mr. Lee cancelled his scheduled polygraph examination he was instructed to take; (3) On August 31, 2021, during an unscheduled home inspection at his residence, Mr. Lee admitted he purchased two cellular telephones without permission and had been

using the cellular telephone[s] for approximately three months. On September 13, 2021, he disclosed that he had obtained and used one of the unauthorized cellular telephone[s] since at least February 2021. He signed an admittance form admitting to the violation. Additionally, Mr. Lee admitted to purchasing a cable package from Spectrum that gave him one of the cellular phones as well as a modem to access the Internet. Mr. Lee did not have permission to purchase the cellular phones or the Internet service package from Spectrum. On September 24, 2018, during a polygraph examination administered by Behavioral Measures & Forensic Services Southwest, Inc., Mr. Lee admitted he accessed the Internet on a cellular telephone that belonged to another resident at the Dallas Transition Center. He disclosed that he had an email account which he used to order items and conduct personal banking. Mr. Lee also disclosed he had a Facebook account, which he used to try to contact his sons; and (4) Mr. Lee failed to submit his monthly supervision reports for the months of April, May, June, and July 2021 within the first five days of each month [Dkt. 44 at 1-3, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to each of the allegations of the Petition. Having considered the Petition and the plea of true to allegations 1-4, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court [Dkts. 57, 58].

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of imprisonment of nine (9) months, with a term of supervised release of four (4) years to follow.

The Court further recommends imposition of the following special conditions: (1) You must provide the probation officer with access to any requested financial information for purposes of monitoring his sources of income; (2) You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense; (3) You must participate in sex offender treatment services. These services may include psycho-physiological testing (i.e., clinical polygraph, plethysmograph, and the ABEL screen) to monitor your compliance, treatment progress, and risk to the community. You must abide by all rules and regulations of the treatment program, until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any costs associated with treatment and testing. Should you fail to pay as directed, you must perform 3 hours of community service for each unpaid session; (4) You must not have contact of any kind with children under the age of 18 unless supervised by an adult approved by the probation officer; (5) You must not possess or view any images in any form of media or in any live venue that depicts sexually explicit conduct. For the purpose of this special condition of supervision, the term "sexually explicit conduct" is as defined under 18 U.S.C. § 2256(2)(A) and is not limited to the sexual exploitation of children. You must provide the probation officer with access to any requested financial information to determine if you have purchased, viewed, or possessed sexually explicit material; (6) You must submit to a search of your person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning unlawful conduct or a violation of your conditions of supervision; (7) You must allow the U.S. Probation

Office to install software designed to monitor your activities on any computer, cell phone, tablet or other device you are authorized to use by the probation officer. This may include; but is not limited to, software that may record any and all activity on the device you may use, including the capture of keystrokes, application information, pictures, Internet use history, e-mail correspondence, and chat conversations. You will pay any costs related to the monitoring of your device usage. You must provide the probation officer with access to any requested financial information for purposes of monitoring their compliance with the imposed computer access/monitoring conditions. You must advise anyone in your household that any approved device in the household may be subject to computer monitoring. You must not attempt to remove, tamper with, or in any way circumvent the monitoring software. You must disclose all on-line account information, including usemames and passwords, to the U.S. Probation Office. You must, if requested, provide a list of all software/hardware on his/her computer, as well as telephone, cable, or Internet service provider billing records, and any other information deemed necessary by the probation office to monitor your approved device usage; and (8) You must reside in a residential reentry center or similar facility, in a prerelease component for a period of 180 days to commence upon release from confinement and must observe the rules of that facility. Should you obtain a residence approved by the probation officer prior to or during the 180 day placement, you shall be released.

The Court also recommends that Defendant be housed in a Bureau of Prisons facility in FCI Fort Worth, Texas, if appropriate.  **SIGNED this 2nd day of December, 2021.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE