IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | CRIMINAL NO. 4:13-CR-151-ALM-KPJ-1 |
| RONALD LEE (1) | § § § § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on November 28, 2022, to determine whether Defendant violated his supervised release. Defendant was represented by Assistant Federal Public Defender Michelle Allen-McCoy. The Government was represented by Assistant United States Attorney Matt Johnson.

On June 23, 2014, United States District Judge Richard A. Schell sentenced Defendant to a term of twenty-four (24) months imprisonment followed by seven (7) years of supervised release, for Possession of Child Pornography. *See* Dkt. 40. On May 4, 2016, Defendant completed his term of imprisonment and began serving his term of supervision. *See* Dkt. 44. On September 24, 2018, the case was reassigned to United States District Judge Amos L. Mazzant, III. *See* Docket Entry for September 24, 2018.

On October 21, 2021, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender Under Supervision (the "First Petition") (Dkt. 44). After pleading true to the allegations raised in the First Petition, Defendant served nine (9) months imprisonment to be

1

followed by four (4) years of supervised release. *See* Dkt. 62. On August 9, 2022, Defendant completed his term of imprisonment and began serving his term of supervision. *See* Dkt. 63.

On October 27, 2022, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender Under Supervision (the "Second Petition") (Dkt. 63). The Second Petition asserted Defendant violated the following conditions of supervision: (1) Defendant shall not possess or view any images in any form of media or in any live venue that depict sexually explicit conduct. For the purpose of this special condition of supervised release, the term 'sexually explicit conduct' is defined under 18 U.S.C. § 2256(2)(A), and is not limited to the sexual exploitation of children; (2) Defendant must answer truthfully the questions asked by Defendant's probation officer; (3) Defendant must not attempt to remove, tamper with, or in any way circumvent the monitoring software.

The Petition asserts Defendant violated the foregoing conditions as follows:

- On October 24, 2022, U.S. Probation Officer Sherry Smith, reviewed the RemoteCom (monitoring software) activity report for a cellular telephone owned by Defendant. During the review, USPO Smith observed depictions of nudity and Internet searches for nude pictures of various celebrities. An additional review of Defendant's Internet activity as recorded by RemoteCom was conducted by Supervising U.S. Probation Officer Jansen Kitchens on October 25, 2022. This review revealed additional sexually explicit material containing: full frontal nudity; lascivious exhibition of the genitals and pubic area; Defendant saving sexually explicit material; searching for sexually explicit material such as fellatio, nude, "Amy Smart nude," "Goo Goo dolls upskirt," "Sexy Ass Upskirt," and others; and hardcore material. Additionally, Defendant searched for pictures of minor females, many of which were in swimming suits or gymnastics leotards. The RemoteCom software captured Defendant zooming in on some of these minor females' genital/pubic area.

- A home visit was conducted at Defendant's residence on October 24, 2022. During this visit, Defendant was specifically asked if he had viewed or accessed any sexually explicit material on his cellular telephone. He replied that he had not viewed any sexually explicit material but said he may have unintentionally come across a scene depicting sexual activity while watching television. As evidenced by our review of his activity on his cellphone, Defendant was not truthful to his probation officer.

- On October 11, 2022, Defendant was instructed to not use any software or device which erases disk space, drives, etc. On this same date and others, Defendant used the CCleaner application without the approval of the U.S. Probation Office, to delete application cache, browser history, clipboard content, old call logs and more which tampered with and circumvented the monitoring software's ability to monitor his phone.

Defendant entered a plea of true to allegations 1–3. *See* Dkt. 77. Defendant consented to revocation of his supervised release and waived his right to object to the proposed findings and recommendations of the United States Magistrate Judge. *See* Dkt. 78. The Court finds that Defendant violated the terms of his supervised release. Thus, his supervised release should be revoked.

### RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the November 28, 2022 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twenty-four (24) months with no supervised release to follow. The Court further recommends Defendant be placed at the Federal Bureau of Prisons Facility in Fort Worth, Texas, due to his medical needs.

**So ORDERED and SIGNED this 29th day of November, 2022.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE